state because of the factors listed in section 78–45c–201(1)(b). This section of the UC-CJEA employs a balancing test when no home state can be determined under section 78–45c–201(1)(a). Because we have determined that Utah has jurisdiction under section 78–45c–201(1)(a), we have no occasion to address the provisions of section 78–45c–201(1)(b).

2004 UT App 483

**STATE of Utah, in the interest of K.H., a person under eighteen years of age.**

**T.H., Appellant,**

v.

**C.M., Appellee.**

**No. 20031024–CA.**

Court of Appeals of Utah.

Dec. 23, 2004.

Lisa Lokken, Lokken & Associates PC, Salt Lake City, for Appellant.

Scott L. Wiggins, Arnold & Wiggins PC, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before BILLINGS, P.J., DAVIS, and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge: [1]

¶ 1 T.H. (Father), the natural father of the minor male child K.H ., appeals the juvenile court's order terminating his parental rights. Father argues that the juvenile court's findings of fact are insufficient to support its conclusion of unfitness because the juvenile court's sole basis for its findings is a stipulation of abuse signed by the parties as part of a previous adjudication. We affirm.

## BACKGROUND

¶ 2 Father married C.M. (Mother), K.H.'s natural mother, in September 2000. K.H. was born April 8, 2001. When K.H. was about two weeks old he suffered second degree burns on his bottom while Father was bathing him. However, Mother and Father waited three days before taking K.H. to a doctor. After Mother and Father finally sought medical help, in addition to discovering the burns, the doctor found a bruise on K.H.'s foot. Father subsequently disclosed to Mother that on a different occasion, he had stepped on K.H.'s foot while changing K.H.'s diaper. During subsequent medical exams, doctors found that K.H. had three broken ribs and that his pelvis was broken in two places. As a result, K.H. was taken into protective custody by the Division of Child and Family Services DCFS and subsequently released to his paternal grandparents. Father was arrested on charges of child abuse and booked into the Davis County jail. A few months later, Mother went to live with K.H. and his grandparents. Shortly after removal, DCFS filed a verified petition alleging that K.H. was abused and neglected citing the physical injuries inflicted by Father. Mother and Father executed a Stipulated Findings and Order that was incorporated into an adjudication order. The juvenile court concluded that K.H. was a neglected and abused child, and among other things, ordered DCFS to prepare a service plan to facilitate reunification of K.H. and Father.

¶ 3 In August 2002, Mother filed the subject petition to terminate Father's parental rights. During a three-day trial in this matter, both parties stipulated to the entry of the stipulated findings and order from the earlier adjudication proceeding. After taking the case under advisement, the juvenile court issued oral findings and an order terminating Father's parental rights. The juvenile court later signed and entered written findings of fact, conclusions of law, and an order terminating Father's parental rights. Father appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Father argues that the trial court's findings of fact are legally insufficient to support termination of Father's parental rights because they were based solely on the stipulated findings in the prior adjudication proceeding. On appeal, this court will not disturb the juvenile court's decision to termi-

---

1. This is a single judge opinion. Judges Billings and Davis concur in the result only.

nate parental rights "unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re M.L.*, 965. P.2d 551, 559 (Utah Ct.App. 1998). However, a juvenile court's decision must be "consistent with the standards set by appellate courts and supported by adequate findings of fact and conclusions of law." *In re J.M.V.*, 958 P.2d 943, 947 (Utah Ct. App.1998) (quotations and citations omitted).

## ANALYSIS

■ ¶ 5 Father argues that the juvenile court failed to sufficiently explain in its findings and order how the parties' stipulated findings in a previous neglect adjudication can also meet the higher burden of clear and convincing evidence supporting the termination of Father's parental rights. In response, Mother argues that the juvenile court's findings of fact and order terminating Father's parental rights were based on other evidence in addition to the stipulated findings.[2]

¶ 6 Mother and the guardian ad litem also both argue that Father failed to properly preserve his sufficiency of the findings argument below and should be barred from raising it on appeal.[3] At oral arguments before this court, the guardian ad litem discussed the preservation argument, and argued that under a recent Utah Supreme Court decision, *438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, 99 P.3d 801, Father's challenge to the juvenile court's findings was not properly preserved. Because *438 Main Street* could have a direct bearing on this case, I begin with an examination of its application to the preservation question in this case.

¶ 7 In *438 Main Street*, the plaintiff building owner sued the manufacturer of a deicing cable that had been installed on the roof of the building to melt snow and ice. *Id.* at ¶ 3. The plaintiff alleged that the deicing cable caused a fire that substantially damaged the owner's building. *See id.* At the end of the plaintiff's case at trial, the defendant manufacturer moved to dismiss the case under rule 41(b) of the Utah Rules of Civil Procedure. *See id.* at ¶ 46. The trial court granted defendant's motion and entered findings of fact and conclusions of law, holding that the roof cable was not the proximate cause of the fire. *See id.* The plaintiff filed an objection to the trial court's findings, alleging that they were " 'inaccurate and incomplete.' " *Id.* at ¶ 47. Plaintiff also filed a motion for a new trial, which the trial court denied. *See id.* On appeal, the plaintiff argued, among other things, that the trial court's findings supporting the dismissal were insufficiently detailed because they failed to disclose the steps by which the trial court reached its ultimate conclusion. *See id.* at ¶ 48. In affirming the trial court's dismissal of the case, the Utah Supreme Court held that the plaintiff waived its right to appeal the sufficiency of the trial court's findings because it failed to properly preserve the issue before the trial court. *See id.* at ¶ 52.

¶ 8 Relying on traditional preservation rules, the supreme court stated that " '[i]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' " *Id.* at ¶ 51 (second alteration in original) (citation omitted). Although the plaintiff raised objections to the sufficiency of the findings in two post-trial motions—an objection to the findings and a motion for new trial—the supreme court concluded that those objections would not have alerted the trial court to plaintiff's concern that the trial court had not sufficiently articulated the steps by which it reached its ultimate conclusion. *See id.* at ¶ 52. The supreme court held that the plaintiff had waived any argument about the sufficiency of the findings because it "failed to specifically raise its objections and to introduce supporting evidence or relevant legal

---

2. The trial court's findings of fact consist largely of the stipulated facts of the adjudication order. The remaining findings of fact relate primarily to K.H.'s best interests.

3. In their briefs on appeal, Mother and the guardian ad litem both make a generalized argument that Father failed to bring the issue to the juvenile court's attention. Father counters, and I agree, that Father could not do so prior to the time the juvenile court actually entered the findings of fact and conclusions of law.

authority that the findings themselves were [insufficient]." *Id.* at ¶ 56.

¶ 9 It appears that in *438 Main Street,* the supreme court has broadened the preservation requirement, now specifically requiring, for the first time, that appellants challenging the sufficiency of a trial court's findings preserve this argument by filing detailed objections to those findings prior to any appeal.

¶ 10 Although *438 Main Street* was decided after Father filed his appeal in this case, "[t]he long-standing traditional rule is that the law established by a court decision applies both prospectively and retrospectively." *State v. Saunders,* 1999 UT 59, ¶ 53, 992 P.2d 951. Only if a party can show a "substantial injustice" will a court limit a new decision to prospective application. *Id.* "Substantial injustice" may be shown by "an impairment of legal interests or expectations that have been created by reliance on the old law." *Id.* Based on the record as a whole, including evidence from the trial, I do not think that Father has suffered a substantial injustice by the retrospective application of *438 Main Street.*[4] Therefore, this court is bound by the supreme court's holding in *438 Main Street* that a party challenging the sufficiency of a trial court's findings of fact must raise this objection with adequate detail before the trial court to give the court an opportunity to correct the error. *See 438 Main St.,* 2004 UT 72 at ¶¶ 51–52, 99 P.3d 801.[5]

## CONCLUSION

¶ 11 Because Father failed to raise his sufficiency of the findings objections before

the juvenile court, he has waived the argument and is now precluded from raising it on appeal. For this reason, the juvenile court's order terminating Father's parental rights is affirmed.[6]

¶ 12 WE CONCUR IN THE RESULT: JUDITH M. BILLINGS, Presiding Judge, and JAMES Z. DAVIS, Judge.

---

4. At trial, Father acknowledged pleading guilty to four felonies after the adjudication proceeding, and admitted to abusing K.H. Furthermore, by the time Father is released from prison, it will have been three and one-half years since he saw K.H. and he would have virtually no relationship with the child Therefore, evidence was presented at trial from which the juvenile court could have made additional, more detailed findings supporting termination of Father's parental rights.

5. The application of *438 Main Street v. Easy Heat Inc.,* 2004 UT 72, 99 P.3d 801, in this case is problematic to the author of this opinion, and, I believe, to my colleagues. First, its retroactive application, as appears to be required, may unex-

pectedly deprive a party of the right to an appeal. Second, in a case such as this, where it is alleged that the trial court failed in its duty to enter appropriate and adequate findings of fact to support its conclusion of parental unfitness, the preservation requirement of *438 Main Street* seems to be hyper technical and to impose an unduly heavy burden on counsel.

6. Because of the disposition of this appeal on the preservation issue, this court is precluded from considering whether the juvenile court abused its discretion when it relied almost exclusively on stipulated facts from a prior proceeding in finding Father unfit and terminating his parental rights.